IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ANN WRIGHT, PRO SE, | No. 3:14-cv-03008-CRB |
| Plaintiff, | **ORDER GRANTING MOTIONS TO DISMISS AND DENYING MOTION FOR ATTORNEYS' FEES** |
| v. | |
| UNITED STATES OF AMERICA ET AL., | |
| Defendants. | |

Plaintiff Linda Ann Wright ("Wright"), acting pro se, filed the instant action asserting approximately thirteen claims against sixty-six named defendants. See generally Compl. (dkt. 1). All defendants have filed joint or individual motions to dismiss[1] on various grounds. Wright also filed a motion for attorneys' fees. Mot. for Attorneys' Fees (dkt. 14).[2]

The Court hereby GRANTS all motions to dismiss raised by defendants and DENIES Wright's motion for attorneys' fees.[3]

---

[1] There are sixteen separate motions to dismiss before the Court. Defendant Eureka Veterans Clinic joined the motion to dismiss filed by the Eureka Veterans Clinic physicians (dkts. 67, 148).

[2] The federal defendants and defendants represented by the State of California filed oppositions to Wright's motion for attorneys' fees (dkts. 20, 21). Defendant Wells Fargo Bank, N.A. joined these oppositions.

[3] Various defendants have filed requests for judicial notice that supplement their motions to dismiss. See Requests for Judicial Notice (dkts. 59, 62, 64, 85, 87, 149). The pending requests for judicial notice are unopposed, and the Court GRANTS these requests. See Fed. R. Evid. 201(c).

**I.     BACKGROUND**

On June 24, 2014, Wright filed suit in the Federal District Court for the Northern District of California, seeking fifty million dollars in damages from an extensive list of defendants. Throughout her forty-two-page complaint, Wright unsystematically alleges myriad civil violations in her narration.[4] See Compl. at 1–42. Near the end of her complaint, Wright lists thirteen specific statutes under the heading, "CLAIMS." Compl. at 39:1–40:1. These claims include constitutional violations, Racketeer Influenced and Corrupt Organizations Act violations, Health Insurance Portability and Accountability Act violations, and others. Id.

The majority of events in Wright's complaint seems to focus on allegations that the United States Department of Veterans Affairs ("VA") has denied her veterans benefits, has destroyed her medical records, and has placed fraudulent information in her medical documents. Compl. at 6:2–11. At various points in her complaint, Wright alleges that all "defendants participated in Corrupting of [her] Files" and "defendants were deleteriously changing [her] Medical History." Compl. at 8:14, 8:24–25. Additionally, regarding her medical history, Wright alleges, "These Defendants created a stereotypical devious woman; with the use of these made up traits,[5] to show a person of low Character. Not [her]. [Her] benefits, have been paid to: Doctors whom are corrupt and Others; Whom reaped the benefits of [her] hard work. Where are the Law Enforcers?" Compl. at 12:21–28. As a final example of allegations regarding Wright's medical care, she alleges that one of her doctors made a "duplicitous statement that 'patient drinks fifth everyday.' Was dereliction of his duties as a Doctor; and Fraud." Compl. at 16:19–21.

Wright's complaint also alleges scattered facts concerning individual defendants other

---

[4] For example, in a present allegation based on what appears to be a passing reference to a previous case she filed and a previous case filed against her, Wright states that an unspecified party "also filed what looked like a Police, Hospital or an ominous commitment; illegally. Violating the Fourteenth Amendment to the U.S. Constitution. Violating 18 U.S.C. § 241, § 242; 18 U.S.C. § 1961; 42 U.S.C., 21 § 1983; 28 U.S.C. § 455(a)(b)(1)(2)(3)(ii)." Compl. at 33:8–11.

[5] "Made up traits" seems to refer to Wright's physicians diagnosing her with "herpes in the buttocks region" instead of why Wright alleges she went into the Emergency Room, which was for treatment of Deep Vein Thrombosis. Compl. at 12:1–28.

2

than her doctors or entities involved in her medical care. Compl. at 1–42. For instance, Wright alleges that defendant "Professional Photocopy represented themselves to [her] as Document Servers, while working with AMEX & County of Humboldt; State of CA; sabotaged [her] Filings: e.g. dark illegible copies, missing pages." Compl. at 33:4–6. Wright further alleges in her complaint that various unlawful actions were taken by various state and local entities and that her "Cat was poisoned, [her] mailbox was snatched (concrete and steel), [her] brother died, [her] health failed. Meanwhile Humboldt County Assessor, Humboldt Cty. Tax Collector, CA Board of Equalization, Superior Court of CA‒Humboldt barraged [her] with fraudulent paperwork and threats; while Case CV11–04492 WHA, was in progress." Compl. at 33:20–34:1. As a final illustration of the array of allegations in Wright's complaint, she states under the heading, "TSUNAMI QUID PRO QUO," apparently against all defendants, "When Federal, State, and Local Governments work together with Corporations and Others; to destroy an Individual. By violating the U.S. Constitution, and other laws; while cover-ups and corruption reigns." Compl. at 38:7–11.

Several defendants have filed motions to dismiss based on lack of subject matter jurisdiction and lack of personal jurisdiction. All defendants have cited failure to state a claim upon which relief can be granted in their motions to dismiss.

## II.     LEGAL STANDARDS

Federal courts are courts of limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Courts presume a lack of jurisdiction until the party asserting jurisdiction proves otherwise. Fifty Associates v. Prudential Ins. Co. of Am., 446 F.2d 1187, 1190 (9th Cir. 1970). Dismissal of a case under Federal Rule of Civil Procedure 12(b)(1) is proper when a plaintiff fails to establish the court's subject matter jurisdiction. Ashoff v. City of Ukiah, 130 F.3d 409, 410 (9th Cir. 1997).

In addition to subject matter jurisdiction, due process requires federal courts to possess personal jurisdiction over a non-resident defendant such that rendering judgment with respect to that defendant comports with traditional notions of fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). A challenge to

3

personal jurisdiction is brought under Federal Rule of Civil Procedure 12(b)(2). Personal jurisdiction requires the court to have either general jurisdiction or specific jurisdiction over a non-resident defendant. See Helicopteros Nacionales de Colombia S.A. v. Hall, 466 U.S. 408, 411–15 (1984) ("Even when the cause of action does not arise out of or relate to the foreign corporation's activities in the forum State, due process is not offended by a State's subjecting the corporation to its in personam jurisdiction when there are sufficient contacts between the State and the foreign corporation.") (citing Perkins v. Benguet Mining Co., 342 U.S. 437 (1952), and Keeton v. Hustler Magazine Inc., 465 U.S. 770, 779–80 (1984)).

General jurisdiction arises when a plaintiff demonstrates that a non-resident defendant maintains continuous and systematic contacts that essentially render the defendant at home in the forum state. Goodyear Dunlop Tires Operations, S.A. v. Brown, 131 S. Ct. 2846, 2852 (2011). Specific jurisdiction exists when a defendant maintains sufficient minimum contacts within a foreign jurisdiction. International Shoe Co., 326 U.S. at 316. "Sufficient minimum contacts" tests the extent to which a defendant purposefully avails himself of the benefits and protections of the forum state in order for the exercise of jurisdiction to be consistent with fair play and substantial justice. J. McEntyre Mach. Ltd. v. Nicastro, 131 S. Ct. 2780, 2787 (2011).

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 581 (9th Cir. 1983). Because a Rule 12(b)(6) defense asserts a plaintiff's failure to meet the pleading requirements found in Rule 8(a), a claim is properly dismissed when the pleadings lack a cognizable legal theory or lack sufficient facts to support a cause of action. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1998). While Rule 8(a) merely requires a "short and plain statement" of facts showing entitlement to relief, the pleadings must maintain a level of detail that gives the defendant fair notice of the claims and the grounds upon which the claims rest. Fed. R. Civ. P. 8(a); Conley v. Gibson, 355 U.S. 41, 47 (1957). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Co. v. Twombly, 550 U.S. 544, 570 (2007). Thus, a plaintiff must

4

United States District Court
For the Northern District of California

make allegations that rise above mere labels, conclusions, or a formulaic recitation of the elements of a cause of action. Id. at 555. Complaints that assert "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" under the facial plausibility standard set forth by Twombly. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Allegations that are challenged by a Rule 12(b)(6) motion must be construed in the light most favorable to the non-moving party. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). In addition, pro se litigants are entitled to greater leeway in the interpretation of their pleadings. Brazil v. U.S. Dep't of the Navy, 66 F.3d 193, 199 (9th Cir. 1995). However, pro se pleadings must still meet a minimum threshold that provides defendants sufficient notice of the allegations against them. Id. Put simply, pro se litigants are still bound by the rules of procedure. Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995).

## III. DISCUSSION

### A. Motions to Dismiss Asserting Lack of Subject Matter Jurisdiction Under Federal Rule of Civil Procedure 12(b)(1)

Seven[6] of the instant motions to dismiss allege that the Court lacks subject matter jurisdiction over Wright's claims. See Motions to Dismiss (dkts. 15, 44, 56, 63, 67, 78, 127). The only possible basis for federal jurisdiction over Wright's claims is the assertion of a federal question. Federal question jurisdiction grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Cook Inlet Region Inc. v. Rude, 690 F.3d 1127, 1130 (9th Cir. 2012) (quoting 28 U.S.C. § 1331).

Wright alleges thirteen causes of action that can be construed as arising under the Constitution and laws of the United States. Compl. at 39–40. Although Wright does not provide heightened explanations of the alleged facts that support federal jurisdiction, she

---

[6] This number includes the State of California, et al., Michael Morrison and Janssen Malloy LLP, a group of Wright's alleged physicians who are represented by Janssen Malloy LLP, Mobility Specialists Inc., all federal defendants who are represented by the United States Attorney, the State of California Department of Insurance and Department of Fire and Forestry Protection, who are represented by the Attorney General of California, and the Disabled Veterans of America.

5

does, in her complaint, appear to link certain facts to specific violations that arise under United States law. Compl. at 1–42. For example, Wright narrates portions of her claims followed by a statutory citation: "The V.A.: Allowed for and participated in Corrupting of [her] Files. Under The Color of Law 18 U.S.C. § 241 & 242; COINTELPRO." Compl. at 8:14–16. Wright's scattered statements might be facially confusing and disjointed, but the majority of her complaint links alleged facts to the statutory violations she asserts. Taken in the light most favorable to Wright and applying the liberal construction afforded to pro se litigants, Wright has adequately pled that the Court has subject matter jurisdiction over her alleged claims. See Ghazali, 46 F.3d at 54 (acknowledging that while pro se litigants are bound by the rules of procedure, courts have an obligation to construe a pro se plaintiff's pleadings liberally in order to give the plaintiff the benefit of any doubt) (citing King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987)).

Even though Wright generally makes a sufficient showing of subject matter jurisdiction, she does not do so where her allegations relate to violations committed by the VA in the handling of her benefits. The majority of Wright's complaint involves actions taken by the VA in regards to her medical care and receipt of benefits from the VA. Compl. at 1–42. The Court lacks subject matter jurisdiction over claims relating to or affecting veterans benefits decisions. See 38 U.S.C. §511(a); Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1023–25 (9th Cir. 2012) (holding that the Veterans' Judicial Review Act ("VJRA") "precludes jurisdiction over a claim if it requires the district court to review 'VA decisions that relate to benefits decisions'").

In the instant case, Wright consistently asserts, albeit in varying verbiage, that the VA "has continued to Deny this Woman her rightful benefits." Compl. at 8:1–19. Wright also alleges that VA physicians and many other defendants participated in "corruption" of her medical files. Compl. at 4:1–20. Moreover, Wright states that she "fought to receive Full Benefits; and received PARTIAL BENEFITS through the Board of Veteran Appeals." Compl. at 5:25–27. Finally, Wright claims that after being able to receive partial benefits, the majority of the "Electronic Medical Records Fraud" took place, wherein all of her VA

6

1  physicians and other VA personnel accessed and altered her files fraudulently, and thus,
2  affected her ability to receive VA benefits. Compl. at 12–17.

3  The foregoing allegations all concern the alleged denial of VA benefits or relate to VA
4  benefits decisions generally. Reviewing the claims that relate to Wright's medical care in
5  connection with her veterans benefits is precisely what the VJRA precludes. See 38 U.S.C.
6  §511(a); Veterans for Common Sense, 678 F.3d at 1023–25 (citing Zuspann v. Brown, 60
7  F.3d 1156, 1159–60 (5th Cir. 1995) (finding that a district court does not have jurisdiction
8  over a claim even where the defendant dresses his claim as a constitutional violation because
9  the veteran "was ultimately 'complaining about a denial of benefits'")); see also Larrabee by
10 Jones v. Derwinski, 968 F.2d, 1497, 1498 (9th Cir. 1992) (holding that the district court
11 lacked jurisdiction where "[t]he gravamen of the amended complaint [was] that the VA ha[d]
12 failed to provide [the veteran] with adequate care"); Weaver v. United States, 98 F.3d 518,
13 519–20 (10th Cir. 1996) (finding no jurisdiction where the claimant sued for conspiracy,
14 fraud, and misrepresentation, claiming that VA employees concealed his medical records);
15 Price v. United States, 228 F.3d 420, 422 (D.C. Cir. 2000) (noting that "courts have
16 consistently held that a federal district court may not entertain constitutional or statutory
17 claims whose resolution would require the court to intrude upon the VA's exclusive
18 jurisdiction").

19 Thus, because the VJRA precludes jurisdiction if the claim requires review of
20 decisions relating to VA benefits, the Court lacks subject matter jurisdiction over all of
21 Wright's claims regarding her benefits and her VA medical care and records that relate to her
22 VA benefits or benefits decisions. Accordingly, the Court DISMISSES these claims WITH
23 PREJUDICE. Although the Federal Rules of Civil Procedure state that leave to amend
24 should be freely given when justice so requires, Fed. R. Civ. P. 15(a)(2), the Court has
25 discretion to deny leave to amend if amendment would be futile. See Leadsinger Inc. v.
26 BMG Music Pub., 512 F.3d 522, 532 (9th Cir. 2008) (citing Foman, 371 U.S. at 182). Here,
27 any amendment by Wright pertaining to her claims involving VA benefits would still be
28 subject to dismissal on jurisdictional grounds. See Saul v. United States, 928 F. 2d 829, 843

(9th Cir. 1991) (upholding the district court's denial of leave to amend because an amendment could not change the fact that a statute precluded the litigation of the claims asserted); Leadsinger Inc., 512 F.3d at 532 (upholding the district court's denial of leave to amend in a copyright suit because the plaintiff could not remedy the fact that its device did not fall within specific statutory definitions that applied to its claims); Pisciotta v. Teledyne Indus., Inc., 91 F.3d 1326, 1331 (9th Cir. 1996) (affirming the district court's conclusion that any additional amendment would not be able to allege a necessary element of promissory estoppel in ERISA litigation).

### B. Motions to Dismiss Asserting Lack of Personal Jurisdiction under Federal Rule of Civil Procedure 12(b)(2)

Defendants Kirkland Court Health and Rehabilitation Center ("Kirkland"), The Arbors, and Mobility Specialists, Inc. have filed motions to dismiss based on lack of personal jurisdiction. See Motions to Dismiss (dkts. 55, 64, 127). The Court agrees that these Texas-based defendants lack sufficient contacts with California to make them amenable to the personal jurisdiction of the Court. See, e.g., Helicopteros Nacionales de Colombia S.A., 466 U.S. at 414–15. Accordingly, the Court DISMISSES all claims against Kirkland, the Arbors, and Mobility Specialists, Inc., for lack of personal jurisdiction WITHOUT PREJUDICE.

### C. Motions to Dismiss Asserting Failure to State a Claim upon Which Relief Can Be Granted and Failure to Plead a Proper Claim for Relief Under Federal Rules of Civil Procedure 12(b)(6) and 8(a)

All defendants seek to dismiss Wright's claims pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a). Defendants contend correctly that Wright's pleadings are inadequate and that they fail to state a claim for which relief can be granted. Although federal courts are required to construe the pleadings of pro se litigants liberally, Ferdik v. Bonzelet, 963 F.2d 1258, 161 (9th Cir. 1992), no plausible federal claim can be drawn from Wright's allegations. Not even the most generous reading of the complaint reveals a claim upon which relief can be granted. See McHenry v. Renne, 84 F.3d 1172, 1177–78 (9th Cir. 1996); see also Twombly, 550 U.S. at 570 (holding that a plaintiff must plead "enough facts to state a claim to

relief that is plausible on its face"). Accordingly, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 8(a), the Court GRANTS all defendants' motions to dismiss WITHOUT PREJUDICE.

### D. Motion for Attorneys' Fees

Wright filed a motion for attorneys' fees approximately two months after filing her complaint. Mot. for Attorneys' Fees at 1. Wright cites the Americans with Disabilities Act of 1990 ("ADA") as the basis for her motion. 42 U.S.C. §§ 12101 et seq. In her motion, it is unclear whether she is seeking accommodations in connection with the Court's hearing or actual attorneys fees for representing herself. Mot. for Attorneys' Fees at 1–2. Regardless, § 12205 of the ADA provides for an award of attorneys' fees to the "prevailing party." 42 U.S.C. § 12205. At the present point in time, Wright cannot establish that she is the prevailing party for purposes of this motion. Wright also fails to set forth any allegations of ADA violations in her pleadings. Accordingly, the Court DENIES Wright's motion for attorneys' fees.

## IV.  CONCLUSION

For the foregoing reasons, the Court:

(1) GRANTS all requests for judicial notice;

(2) GRANTS the motions to dismiss for lack of subject matter jurisdiction with respect to Wright's claims involving VA benefits WITH PREJUDICE;

(3) GRANTS the motions to dismiss for lack of personal jurisdiction for the following defendants: Kirkland, the Arbors, and Mobility Specialists, Inc. WITHOUT PREJUDICE;

(4) GRANTS all defendants' motions to dismiss pursuant to Rules 12(b)(6) and 8(a) WITHOUT PREJUDICE; and

(5) DENIES Wright's motion for attorneys' fees.

For the reasons stated above, all defendants' motions to dismiss are GRANTED. Any amended complaint must be filed within thirty days of the date of

this order. An amended complaint must be a clear and concise statement showing entitlement to relief and must address the legal deficiencies stated herein, or be subject to dismissal with prejudice.

**IT IS SO ORDERED.**

Dated: March 16, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE