IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ANN WRIGHT,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>    Defendants. | No. 3:14-cv-03008-CRB<br><br>**NOTICE OF SUA SPONTE INTENTION TO DISMISS AMENDED COMPLAINT** |

On March 16, 2015, this Court granted a series of motions to dismiss a complaint filed by Plaintiff Linda Ann Wright, who acts pro se. See Order (dkt. 156). In its Order, the Court determined that it lacked subject-matter jurisdiction over certain of Wright's claims, lacked personal jurisdiction over some defendants, and that all other allegations must be dismissed for failure to state a claim. The Court granted Wright thirty days to amend and ordered that any "amended complaint must be a clear and concise statement showing entitlement to relief and must address the legal deficiencies stated herein, or be subject to dismissal with prejudice." Order at 10. Wright's filed an Amended Complaint on April 13, 2015. See Amended Compl. (dkt. 161).

Wright's Amended Complaint is anything but the "short and plain statement showing an entitlement to relief" that the Court ordered, and fails to address any of the legal deficiencies of its predecessor. For the same reasons stated in this Court's Order dismissing

the initial complaint, the Amended Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6), fails to comply with Rule 8, and alleges claims over which this Court lacks subject matter jurisdiction and against defendants over whom this Court lacks personal jurisdiction.  Moreover, much of Wright's Amended Complaint appears to assert the same claims that already have been litigated and decided against Wright in at least two other actions in the Northern District of California.  See American Express, et al. v. Linda Ann Wright, No. 11-cv-4492-WHA, Order Granting Plaintiff's Motion for Summary Judgment (dkt. 57) (June 20, 2012); Linda Ann Wright v. Petra Kuhfahl, et al, No. 09-cv-5752-SBA, Order Granting United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Denying Plaintiff's Motion for Leave to Amend (dkt. 83) (June 4, 2010).

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'"  Wong v. Bell, 642 F.2d 359, 361–62 (quoting Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979); citing 5 C. Wright & A. Miller, Federal Practice and Procedure, s 1357 at 593 (1969)); Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6).").  The Court may also dismiss a complaint sua sponte for failure to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1). In other words, a complaint that is so confusing that its " 'true substance, if any, is well disguised' " may be dismissed sua sponte for failure to satisfy Rule 8.  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969); McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir.1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Ball v. Tate-Ball, No. 10-00768-DAE, 2011 WL 2457664 (D. Haw. June 16, 2011).

"[The Court's sua sponte] dismissal may be made without notice where the claimant cannot possibly win relief," Omar, 813 F.2d at 991, and the Court doubts that Wright can state any claim for relief or comply with Rule 8 on the facts she alleges.  Moreover, Wright already had an opportunity to be heard on these same issues in the context of motions to dismiss the initial complaint.  Nevertheless, the Court hereby GIVES NOTICE to Wright of its intention to dismiss the Amended Complaint sua sponte under Rule 12(b)(6) and Rule 8 without leave to amend because possible and meaningful alternatives, including prior leave to amend, have and will have been explored.  See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673–74 (9th Cir.1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice pursuant to rule 41(b). . . . The exercise of [the Court's] discretion to dismiss [without leave to amend] requires only that possible and meaningful alternatives be reasonably explored."); Wong, 642 F.2d 961–62.

Wright may file a written memorandum in opposition to dismissal, not to exceed 15 pages and filed no later than 14 calendar days from the date of this Order.  The Court will consider any written opposition made by Wright in making a final determination whether the Amended Complaint must be dismissed.

**IT IS SO ORDERED.**

Dated: April 24, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

3