IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINDA ANN WRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>    Defendants. | No. 3:14-cv-03008-CRB<br><br>**SUA SPONTE ORDER DISMISSING AMENDED COMPLAINT AND DISMISSING PENDING MOTIONS** |

Plaintiff Linda Ann Wright, proceeding pro se, filed an Amended Complaint in this Court on April 13, 2015. See Amended Compl. (dkt. 161). The Amended Complaint is a 77-page (plus exhibits), rambling and largely unintelligible recitation of events that span over 40 years with 47 claims for tens of millions of dollars against a list of defendants that has ballooned to over 100 in this latest version. See Amended Compl. (dkt. 161). This Court allowed Wright to remedy similar deficiencies in her Complaint, after a previous lengthy round of motions in which 66 defendants moved to dismiss the original complaint. Subsequently, on April 24, 2015, this Court filed a notice of sua sponte intention to dismiss Wright's Amended Complaint with prejudice. See Sua Sponte Notice (dkt. 165). This Court provided Wright fourteen days to file a memorandum in opposition to dismissal. Id. Wright's Response fails to assuage this Court's concerns that the Amended Complaint does not, and cannot, state a claim for relief. Accordingly, this Court hereby sua sponte DISMISSES Wright's complaint without leave to amend.

## I. BACKGROUND

On March 26, 2015, after dismissing her initial Complaint, this Court granted Wright leave to file an Amended Complaint making a "short and plain statement showing an entitlement to relief," and ordered that "any amended complaint must be a clear and concise statement showing entitlement to relief and must address the legal deficiencies stated [in that order], or be subject to dismissal with prejudice." See Order at 10; Fed. R. Civ. P. 8(a); Bell Atlantic Co. v. Twombly, 550 U.S. 544, 570 (2007). Instead, Wright's Amended Complaint is largely incomprehensible and does little to put alleged Defendants on notice of the nature of her claims. See Twombly, 550 U.S. at 555.

Wright's allegations in the Amended Complaint seem to center on various claims that she "has experienced COINTELPRO, firsthand," which she states is a "Domestic Counter intelligence Program covert Operations" "started under J. Edgar Hoover" that "creat[es] situations to make you fail; when they could not find anything, they made it up." Amended Compl. at 5. Her additional claims include the following, among many others along similar lines:

- A claim for "Freedom of Information Act," "MALICE, DECEIT" in which she states: "The VA Oakland Regional Office, in 1999 sent a Letter stating that I was overpaid because I was drawing a "Pension", at the same time that I was receiving Social Security. The Regional Office also charged that I was overpaid: "$10,000.00. 1972–2008, the injuries were Listed in my Files." Amended Compl. at 7.
- A claim for "OPPRESSION MALICE" that states that in "2004 The CHP charged me with a 95 mph speeding ticket; which was an absolute lie;" and that "the DMV, charged me with the Fraudulent Bad Check 2009–2010. Higher Interest Rates, Finance charges, Cost skyrocketed. Coast Central Credit Union, AMEX, JP Morgan Chase, Umpqua Bank, U.S. Fidelis & MEPCO (fraud), 2014–2015, Humboldt Waste Management, burning and polluting with impunity, hauling waste back and forth." Wright goes on to allege, "My home is slipping, soil eroding, leakage in both roofs, Barn and Home; Plaintiff had to pay a Roofer to secure shingles; that were not ever

United States District Court
For the Northern District of California

1       adhered to my roof when I paid in 2006." Amended Compl. at 9.
2   •   A claim for "The Privacy Act F.O.I.A." that states that "Plaintiff went to the
3       Emergency Room at the SFVAMC; Deep Vein Thrombosis (DVT); Kuhfahl illegally
4       accessed my Files and changed Diagnosis to the Herpes in buttocks region (Malice)
5       . . . . I tried to get the necessary medical treatment for my true ailments.  The Plaintiff
6       NEVER had Herpes; I am Celibate.  COINTELPRO." Amended Compl. at 18–19.
7   •   A claim for "PEONAGE" that states that "These Defendants created a stereotypical
8       devious woman; with the use of these made up traits to show a person of low
9       Character.  Not Me . . . . The State of CA, Federal Government, Corporations, and
10      Others tried to make my Property; a PROJECT, where the Government can invade
11      your space and watch your every move.  Forced, into compliance.  Behave!
12      SIMULATED! COINTELPRO.  AT&T, PG&E, HWMA, surveillance." Amended
13      Compl. at 19–20.
14  •   A claim that states that various parties "have been proactively distorting processed
15      information which has continuously placed the Plaintiff in jeopardy e.g.: (2009) Mary
16      K. Lieper, The Author of: THE NEGRO IN THE NEW WORLD, and OCEANIC
17      NEGRESS.  Listed party, one of the 23 pages (49 Lines); An Organ Harvester, A
18      Funeral Director, Hunter; and many Unknown, . . .; accessed my Veterans
19      Administration Medical Records in November 2009." Amended Compl. at 22.
20  •   A claim against PG&E and others that states that "A Technician, whom I called for
21      gas leakage; had to go to another area for an EMERGENCY? 6 April 2014, 1:35 pm,
22      was gone for 2 hours, came back and supposedly fixed the leak.  AT&T box wide
23      open, at the same time.  10 January 2015, soil has been sinking and becoming large
24      holes that has to be filled, annually.  Soil is leaving my property at a rate of
25      approximately, 2 cubic yards annually.  Large overhanging trees, can level my house.
26      Spying!" Amended Compl. at 33.
27  •   A series of claims involving healthcare provided to Wrights' parents that state that
28      "The Person happens to work for the Martinez Veterans Hospital, and has been

3

United States District Court
For the Northern District of California

1  involved in suspicious Behavior, e.g., taking my Mother to a Surgeon, allowing the
2  Surgeon to cut on Mother's foot . . . Through my vehement objection the Doctor
3  stated 'I am going to do the surgery tomorrow.' 'She is competent to make her own
4  decision,' he states." Amended Compl. 37–38.

5  • A claim for "PEONAGE 18 U.S.C. § 1581" that states that "HISTORIC MY
6  GRANDMOTHER PURCHASED 1107 NORTH WASHINGTON AMARILLO TX
7  IN 1948; PEARL B. MITCHELL OWNED; THROUGH WORD.  THIS WAS MY
8  HOME OF RECORD BORN.  MILITARY (197?-?) AT&T SENT MY FATHER A
9  PHONE AND HOUNDED HIM UNTIL THE DAY OF HIS ? DISABILITY
10 (AMARILLO, TX)." Amended Compl. at 39.

11 • A claim that "These Agencies and Corporations were used to deny the Plaintiff, her
12 Financial security; to humiliate, control, and destroy her; holding her Father out of her
13 reach; while inserting persons as a rivals, one whom left John there to die.  The States
14 of Texas and CA., along with Other Defendants, have introduced questionable persons
15 into my life through forced contact."  Amended Compl. at 54.

16 • A series of claims making various social service allegations, including that "Deceased
17 Sister's Grandchildren, taken from their Mother whom was abused.  The Court let
18 them become adopted by a treacherous family." These claims also state that "My Cat
19 was poisoned, I was bedridden and contacted the Animal Control and Sequoia
20 Humane Society; No one would show up to help me with my pet's suffering."
21 Amended Compl. at 64.

22 In response to this Court's notice of <u>sua sponte</u> intention to dismiss the Amended
23 Complaint, Wright made the following, equally incomprehensible allegations:

24 "AMEX, Professional Photocopy, Humboldt County Superior Court; the Activities of Attorneys from Humboldt County with Leonard and Lyde, from
25 Chico, Judge Marilyn Miles, Edmond Brown Jr.; would not be so active in these cases if not to cover for each other.  Where Documents were left out or
26 darkened to illegible quality Collateral attacks on res judicata can be jurisdictional or procedural issues, And the Plaintiff in her Corrected
27 PLAINTIFF'S MEMORANDUM IN OPPOSITION OF INTENTION TO DISMISS SUA SPONTE; Will ask the Court for the opportunity for Redress,
28 under procedural issues."

4

See Pl's Opp'n Memo. (dkt. 182) at 2.  Wright further alleges:

> "Edmond James Brown Jr. Architect, this man used his Position to try and destroy a woman whom he felt ended his Political ambitions.  2007, when my Sister Alice was found dead in her Apartment; and I tried to get information; This Person, used his Office; to try and destroy me.  He created his own version of COINTELPRO.  All of the California Agencies neglect toward me was of his making.  He went beyond the borders of CA. to Texas, Oregon, Washington State, and Washington D.C.; to accomplish his goals."

See Pl's Opp'n Memo. at Attachment 1 at 3.  According to Wright, the above stated facts were violations of the, "First, Fourth, Fifth, Eleventh, Fourteenth Amendment, to The U.S. Constitution; 18 U.S.C. § 1961; 18 U.S.C. § 241 & § 232; 42 U.S.C. § 1983; PEONAGE, COINTELRPRO; 5 U.S.C. § 552(a)(g)(1) (A.B.C.D.)." Id.  From this claim alone, Wright alleges $5,000,000 in damages.  Id.

## II.  STANDARD OF REVIEW

"A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs 'an opportunity to at least submit a written memorandum in opposition to such motion.'"  Wong v. Bell, 642 F.2d 359, 361–62 (quoting Crawford v. Bell, 599 F.2d 890, 893 (9th Cir. 1979); citing 5 C. Wright & A. Miller, Federal Practice and Procedure, § 1357 at 593 (1969)); Omar v. Sea-Land Service, Inc., 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim sua sponte under Fed. R. Civ. P. 12(b)(6)."). The Court may also dismiss a complaint sua sponte for failure to comply with Rule 8, which mandates that a complaint include a "short and plain statement of the claim," and that "each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(a)(2), (d)(1).

In other words, a complaint that is so confusing that its "'true substance, if any, is well disguised'" may be dismissed sua sponte for failure to satisfy Rule 8.  Hearns v. San Bernardino Police Dep't, 530 F.3d 1124, 1131 (9th Cir. 2008) (quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969)); McHenry v. Renne, 84 F.3d 1172, 1180 (9th Cir.1996) ("Something labeled a complaint but written . . . prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint."); Ball v. Tate-Ball, No. 10-00768-

DAE, 2011 WL 2457664 (D. Haw. June 16, 2011).  Moreover, while pro se pleadings are interpreted liberally, they still must meet a minimum threshold that provides defendants sufficient notice of the allegations against them.  Brazil v. U.S. Dep't of the Navy, 66 F. 3d 193, 199 (9th Cir. 1995).

## III.    DISCUSSION

Not even the most generous reading of the Amended Complaint reveals a claim upon which relief can be granted. See McHenry v. Renne, 84 F.3d 1172, 1177–78 (9th Cir. 1996). It alleges no discernable or intelligible claims for relief.  Further, after this Court filed its intention to dismiss sua sponte, Wright submitted a memorandum which does nothing to bring her complaint into focus or comply with the strictures of Rule 8.  See Fed. R. Civ. P. 8(a).  Instead, Wright's Response continues to provide her befuddling account of events in a "conclusory and confusing" manner.  See Hatch v. Reliance Ins. Co., 758 F.2d 409, 415 (9th Cir. 1985) ("The district court did not abuse its discretion in concluding that appellants' complaints, which, including attachments, exceeded 70 pages in length, were confusing and conclusory and not in compliance with Rule 8.") (citations omitted).  To the extent Wright's Amended Complaint can be construed as claims at all, her allegations lack the factual specificity necessary to "provide fair notice to defendants of the claims against them and the grounds on which those claims rest."  Twombly, 550 U.S. at 555.

Morever, Wright continues to press claims relating to her Veterans Affairs benefits that this Court held were outside the scope of the Court's subject matter jurisdiction and thus dismissed with prejudice in the original Complaint.  See Order at 6–7; 38 U.S.C. § 511(a); Veterans for Common Sense v. Shinseki, 678 F.3d 1013, 1023–25 (9th Cir. 2012) (holding that the Veterans' Judicial Review Act "precludes jurisdiction over a claim if it requires the district court to review 'VA decisions that relate to benefits decisions'"); Larrabee v. Derwinski, 968 F.2d 1497, 1498 (9th Cir. 1992) (holding that the district court lacked jurisdiction where "[t]he gravamen of the amended complaint [was] that the VA ha[d] failed to provide [the veteran] with adequate care"); Weaver v. United States, 98 F.3d 518, 519–20 (10th Cir. 1996) (finding no jurisdiction where the claimant sued for conspiracy, fraud, and

misrepresentation and claimed that VA employees concealed his medical records).

Finally, much of Wright's Amended Complaint appears to assert the same claims that have already been litigated and decided against Wright in at least two other actions in the Northern District of California.  See American Express, et al. v. Linda Ann Wright, No. 11-cv-4492-WHA, Order Granting Plaintiff's Motion for Summary Judgment (dkt. 57) (June 20, 2012); Linda Ann Wright v. Petra Kuhfahl, et al., No. 09-cv-5752-SBA, Order Granting United States' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Denying Plaintiff's Motion for Leave to Amend (dkt. 83) (June 4, 2010).  These claims may not be relitigated in the instant action.  See, e.g., Allen v. McCurry, 449 U.S. 90, 94–95 (1980).

This Court hereby DISMISSES the Amended Complaint sua sponte under Rule 12(b)(6) and Rule 8 without leave to amend because possible and meaningful alternatives, including prior leave to amend, have already been explored.  See Nevijel v. N. Coast Life Ins. Co., 651 F.2d 671, 673–74 (9th Cir. 1981) ("A complaint which fails to comply with [Rule 8] may be dismissed with prejudice pursuant to Rule 41(b) . . . . The exercise of [the Court's] discretion to dismiss [without leave to amend] requires only that possible and meaningful alternatives be reasonably explored."); Wong, 642 F.2d 961–62.

## IV.    CONCLUSION

For the foregoing reasons, this Court sua sponte DISMISSES the Amended Complaint with prejudice.  The hearing set for June 26, 2015 is VACATED and any pending motions are DISMISSED without prejudice as moot.

**IT IS SO ORDERED.**

Dated: June 24, 2015

CHARLES  R. BREYER
UNITED STATES DISTRICT JUDGE

7