1

2

3

4

5                          IN THE UNITED STATES DISTRICT COURT

6                      FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8     LINDA ANN WRIGHT,                          Case No. 14-cv-03008-CRB

9                 Plaintiff,

10          v.                                   **ORDER DENYING MOTION TO**
                                                 **DISQUALIFY**
11    UNITED STATES OF AMERICA, et al.,

12                Defendants.

13          On June 24, 2015, the Court dismissed Plaintiff Linda Ann Wright's Complaint and

14    entered judgment in favor of Defendants. See Order Dismissing Case (dkt. 184);

15    Judgment (dkt. 185). On December 17, 2015, the Ninth Circuit affirmed, explaining that

16    Wright's amended complaint was "largely unintelligible" and lacked "factual specificity."

17    See Order of USCA (dkt. 90) at 1. On January 14, 2021, more than five years after the

18    Court of Appeals issued its mandate, Wright moved to reopen her case under Rule 60 of

19    the Federal Rules of Civil Procedure. See Mot. to Reopen (dkt. 193). The Court denied

20    Wright's motion because it was untimely and provided no basis for the Court to conclude

21    that the Court's judgment was void. See Order Denying First Mot. to Reopen (dkt. 195) at

22    1–2. On February 4, 2021, Wright moved to reopen her case again. See Second Mot. to

23    Reopen (dkt. 197). The Court denied Wright's second motion to reopen because it did

24    "not materially differ" from her first. See Order Denying Second Mot. to Reopen (dkt.

25    198). The Court also warned Wright that "repeated frivolous filings can give rise to

26    sanctions under Rule 11 of the Federal Rules of Civil Procedure." Id.

27          Wright has now moved to disqualify the undersigned. See Mot. to Disqualify (dkt.

28    199-3). She begins by disputing the Court's previous rulings and the Ninth Circuit's

United States District Court
Northern District of California

1    characterization of her claims as unintelligible.  Id. at 2–3.  She then suggests, without

2    elaboration, that one of her recent repeated filings resulted from a "Clerical Error."  Id. at

3    4.  In response to the Court's warning regarding sanctions, Wright has this to say: "I do not

4    take kindly to threats.  I have **Never** been **frivolous** in any Court, ever."  Id. (emphasis in

5    original).  Wright goes on to clarify that other federal judges have discussed her frivolous

6    court filings, but that those judges "were illegally dismissing cases."  Id.  Wright concludes

7    by stating that the undersigned should recuse himself because throughout this litigation,

8    "[t]here was an [u]mbrella to protect lawlessness and criminality against [Wright], and her

9    family."  Id. at 5.

10        A party to a proceeding in district court may "make[ ] and file[ ] a timely and

11   sufficient affidavit that the judge before whom the matter is pending has a personal bias or

12   prejudice either against him or in favor of any adverse party."  28 U.S.C. § 144.  Judges

13   also have an affirmative duty to "disqualify [themselves] in any proceeding in which

14   [their] impartiality might reasonably be questioned."  28 U.S.C. § 455.  Under both § 144

15   and § 455, disqualification is appropriate if "a reasonable person with knowledge of all the

16   facts would conclude that the judge's impartiality might reasonably be questioned."

17   Yagman v. Republic Ins., 987 F.2d 622, 626 (9th Cir. 1993) (citing In re Yagman, 796

18   F.2d 1165, 1179 (9th Cir. 1986)).  "Accordingly, recusal will be justified either by actual

19   bias or the appearance of bias."  Id.  Under Civil Local Rule 3-14, "[w]henever an affidavit

20   of bias or prejudice directed at a Judge of this Court is filed pursuant to 28 U.S.C. § 144,

21   and the Judge has determined not to recuse him or herself and found that the affidavit is

22   neither legally insufficient nor interposed for delay, the Judge shall refer the request for

23   disqualification to the Clerk for random assignment to another Judge."

24        Here, Wright's grievances with the Court do not justify recusal.  Wright is upset

25   because her lawsuit was unsuccessful and there is no legal basis to reopen it.  Her

26   frustration goes beyond proceedings in this case to other cases, not before the undersigned,

27   with similarly fruitless results.  Of course, merits rulings in this and other cases do not give

28   rise to an inference of bias.  And Wright's motion is otherwise devoid of any evidence that

United States District Court
Northern District of California

2

the undersigned is personally biased or hostile towards Wright.  Because Wright's motion

is legally insufficient, the undersigned need not refer Wright's request to the Clerk.

In its previous order, the Court did not purport to sanction Wright—it merely

warned Wright about future frivolous filings.  The Court issued this warning, in part, to aid

Wright.  It is not in her interest to continue filing motions with no arguable legal basis in

this case, which concluded over five years ago.  When a case is over, it's over, subject to

the narrow exceptions enumerated in Rule 60 of the Federal Rules of Civil Procedure.

Unfortunately, Wright did not heed the Court's warning.  Instead, she filed yet

another frivolous motion.  Worse, Wright's statement that she does "not take kindly to

threats" is both inappropriately threatening and an admission that future warnings will not

keep her from filing similarly baseless motions.  The Court nonetheless declines to

sanction Wright at this time.  In lieu of further warnings, the Court simply instructs Wright

that should she file another motion without arguable basis in law or fact in this long-closed

case, the Court will sanction her.

**IT IS SO ORDERED.**

Dated: March 8, 2021



CHARLES R. BREYER
United States District Judge

3